[Civ. No. 11906. Second Appellate District, Division One.—June 5, 1940.]

KATHLEEN E. MARSHALL, Respondent, v. JAMES MACAULAY PHILLIPS, Appellant.

W. Stuart Smith for Appellant.

Schauer, Ryon & McMahon for Respondent.

DORAN, J.—It appears from the complaint in the within action, filed in the superior court, that under date of February 20, 1936, plaintiff and the defendant executed an agreement by the terms of which the settlement of their rights in and to real and personal property therein described was attempted. Later, to wit, on August 31, 1937, another agreement was executed by the parties, which provided in part as follows: "WHEREAS, the parties hereto have been divorced from one another and have each remarried; and, . . . WHEREAS, circumstances of the First Party have changed and Second Party is agreeable to modifying said agreement of the 20th day of February, 1936, in certain particulars to conform to First Party's present circumstances, NOW THEREFORE, said agreement of the 20th day of February, 1936, is hereby superseded by the terms of this agreement . . . " By the terms of the latter agreement, "First Party", appellant herein, agreed among other things to forthwith deliver to "Second Party", respondent herein, certain property mentioned therein and described as items under the general heading of "Furniture: Living Room; Bed Room; Miscellaneous".

The above-mentioned agreement is set forth in full in plaintiff's complaint and is followed by the allegation that defendant (appellant herein) failed and refused to deliver certain of the articles referred to in said agreement, which articles are alleged to be of the total value of $166.80.

The dates of the interlocutory and final decrees of divorce do not appear anywhere in the record.

The complaint prays for a "return of said property" or "in lieu thereof" judgment for $166.80. The complaint also prays for an order to show cause why defendant should not pay plaintiff's counsel fees and costs, a remedy which the contract purports to create for plaintiff's benefit.

The trial court issued the order to show cause, and upon the hearing, ordered defendant to pay plaintiff $150 attorneys' fees and $22 costs, from which order defendant appeals.

■ Appellant attacks the court's jurisdiction on the ground that plaintiff's complaint sets up merely a claim and delivery action. On the other hand, respondent's brief recites that "This is not an action for specific performance, nor an action for claim and delivery, but an action to enforce the terms of a post-nuptial property settlement agreement, which agreement is specifically enforceable in a court of equity."

Respondent's contention cannot be sustained, for in no sense can the action be classified among those actions of which a court of equity will assume jurisdiction and specifically enforce. But whatever claims respondent may assert in that regard, the action, as appellant points out, clearly is an action in claim and delivery. In either case the court was without jurisdiction.

■ The fact that by the terms of the contract in question the parties agreed that " . . . Second Party . . . at her option may, on proper notice to First Party, obtain an order of the court for the payment of counsel fees and court costs immediately upon the filing of said action or actions, as shall be necessary to enforce the terms of this agreement" is of no significance. Jurisdiction cannot be conferred by contract.

The order appealed from, therefore, is reversed with direction to dismiss the action.

York, P. J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1940.